**SEALED**

# UNITED STATES DISTRICT COURT
for the
Eastern District of California

| | |
|---|---|
| **FILED** | |
| Dec 06, 2021 | |
| CLERK, U.S. DISTRICT COURT EASTERN DISTRICT OF CALIFORNIA | |

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

2532 Ronald McNair Way,
Sacramento, California 95834

Case No. 2:21-sw-00898-DB

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

SEE ATTACHMENT A-1.

located in the   EASTERN   District of   CALIFORNIA  , there is now concealed *(identify the person or describe the property to be seized)*:

SEE ATTACHMENT B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 846 | Conspiracy to Distribute Controlled Substances; |
| 18 U.S.C. § 1956(h) | Money Laundering Conspiracy |

The application is based on these facts:

See Affidavit of Special Agent John Ogden

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

/s/John Ogden
*Applicant's signature*

John Ogden, FBI Special Agent
*Printed name and title*

Sworn to before me telephonically.

Date: 12/06/2021

City and state: Sacramento, CA

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

### Affidavit of FBI Special Agent John Ogden

I, John Ogden, being duly sworn, hereby depose and state:

### PURPOSE

1. This Affidavit is made in support of search warrants for:

    a. 2532 Ronald McNair Way, Sacramento, California 95834 (hereinafter, the "Target Residence"), further identified in Attachment A-1;

    b. Jessica Tang (hereinafter, "Tang"), further identified in Attachment A-2;

    c. 2018 Toyota Camry with California license plate number 8EGM784 (hereinafter, the "Target Vehicle"), further identified in Attachment A-3.

I assert that there is probable cause to believe that the locations described above contain evidence of a criminal violation of 21 U.S.C. § 846, conspiracy to distribute a controlled substance; and 18 U.S.C. § 1956(h), money laundering conspiracy.

### AGENT BACKGROUND

2. I am a Special Agent with the Federal Bureau of Investigation, and have been since February 2009. I am currently assigned to the Sacramento Division of the FBI, where I investigate various federal crimes. During the course of my career as an FBI Special Agent, I have been the affiant on at least thirty federal search warrants.

3. Because this affidavit is submitted for the limited purpose of establishing probable cause for the requested search warrant, I have not included each and every fact known to me about this case. Rather, I have set forth only the facts that I believe are necessary to support probable cause. This affidavit is based upon my own personal knowledge but also the knowledge of other law enforcement officers involved in this investigation.

///
///
///
///

## STATEMENT OF PROBABLE CAUSE

### Tang lives at the Target Residence and uses the Target Vehicle

4. Jessica Tang has bank accounts with JPMorgan Chase Bank. According to bank records, Tang has a business account for "Jessica Tang Consulting". Tang listed her phone number and the Target Residence address on the signature card dated June 5, 2020.

5. On October 14, 2021, I received records from the California Employment Development Department ("EDD"). EDD records indicated that Tang's residence was the Target Residence and her phone number was 916-966-1386.

6. On November 2, 2021, I reviewed public source records which indicated the subscriber for telephone number 916-966-1386 was Jessica Tang at the Target Residence.

7. On November 16, 2021, I observed Tang driving the Target Vehicle in Roseville, California after exiting a business establishment.

8. On November 18, 2021, Tang was observed driving the Target Vehicle out of the garage of the Target Residence, visiting two shopping establishments and a pharmacy before returning to the Target Residence, backing the Target Vehicle into the garage and parking.

9. I reviewed Tang's California driver's license which was issued on April 19, 2021. The Target Residence was listed as her address.

10. The Target Vehicle is registered to Tang at the Target Residence.

11. Based on surveillance of the Target Residence and public record information, Tang appears to be the sole occupant of the Target Residence. During the course of five different surveillance operations, the only person to access the Target Residence besides Tang was an apparent social guess who arrived, stayed for a few hours, and then departed.

### Tang's associate Myra Minks is part of a drug trafficking organization

12. In 2019, Myra Minks was interviewed by investigators from the Placer County Sheriff's Office (PCSO). During that interview, Minks indicated that she made

money through the sale of marijuana.

13. On June 22, 2021, law enforcement officers executed federal search warrants at Minks' residence in Roseville and her automobile. During the execution of the search warrants, I interviewed Minks and she said her involvement selling marijuana ended after she was arrested by the PCSO and that the marijuana previously seized in 2019 from her former residence at 2260 Abbeyhill Road, Lincoln, California belonged to her former boyfriend Eugene Williams. Law enforcement seized several cell phones from Minks during the execution of the search warrants.

14. I reviewed cell phones that were seized from Minks on June 22, 2021 pursuant to federal search warrants. On those phones I found evidence that Minks made purchases of large quantities of marijuana as recently as May 2021. In text messages, Minks described one purchase for approximately $90,000. The seller complained to Minks saying that when he counted the cash it was short $510. Minks later complained to the seller that her marijuana courier got arrested at the Reno Airport on or about May 22, 2021. Minks later texted a booking photo of Dominque Hodge. I reviewed criminal history records and a police report which indicated that Hodge was arrested with three suitcases of marijuana at the Reno Airport that day.

15. In other messages Minks told her marijuana supplier that she was going to avoid the airports and go back to shipping the marijuana. She discussed shipping rates and sent pictures of wooden crates that could be used.

    a. I also saw text messages between Minks and Tang in which they discussed the need to move a large wooden crate from Tang's family member's garage. Subsequent messages showed Minks making arrangements for a shipping company to pick up the crate.

    b. In a text message dated June 21, 2021, between Minks and Williams, Minks stated that she was waiting on "Jessica" and would meet him in Waco. Minks also sent videos of marijuana to Williams and he asked how much. Minks replied 1,400 which she said was high for "DEP." Williams said that's what we are selling these for and these are better. Minks asked Williams why not drive the money back from "D" to Vegas.

16. I reviewed a report from the Drug Enforcement Agency (DEA) which described the seizure of approximately $124,290 cash and $11,000 in money orders from a

person named Ayla Price at the Dallas Fort Worth Airport on February 26, 2020. Price was interviewed by law enforcement and told them that she received three suitcases of marijuana from a black female in San Francisco and took them to a location in Waco, Texas at the direction of Minks. Price went on to say she made about 10 trips since August 2019 delivering marijuana from California and returning with cash for Minks. Each trip she brought back approximately $100,000 with the exception of approximately two trips when she brought back about $50,000.

17. At the time of the seizure described above, Price was also in possession of an Internal Revenue Service form W-2G, Certain Gambling Winnings. The form was in Price's name and listed winnings of $98,899.99 on February 23, 2020 at a casino in Oklahoma. Price attempted at one point to use the form to explain the source of the cash in her possession. Price later admitted that the form was given to her in California and was to be presented to law enforcement in the event she was stopped.

18. I reviewed a report from the San Francisco Police Department, Airport Bureau which described the seizure of approximately 35 sealed bags containing suspected marijuana with a total weight of approximately 40lbs 9oz from Price on May 15, 2020. The bag containing suspected marijuana was tagged with the name Vanessa Martinez for an American Airlines flight to Dallas Fort Worth, Texas.

**Tang and Minks appear to use casinos to conceal and use drug proceeds**

19. I reviewed records from the Cosmopolitan Las Vegas casino to include security video. On February 29, 2020, Minks and Tang were observed together as Minks removed $30,000 cash from her purse. That cash was counted by casino personnel. Minks and Tang were then observed at a table gambling together.

20. I reviewed records from the Thunder Valley Casino in Roseville, California. From approximately November 9, 2019 to August 30, 2020, Minks had a cash in amount of $723,817 and cash out amount of $432,158. From November 9, 2019 to August 26, 2020, Tang had a cash in amount of $247,955 and cash out amount of $207,695.

21. On November 12, 2021, I applied for a geolocation search warrant for Jessica Tang's cellular telephone (2:21-SW-0864-CKD). According to geolocation information for Tang's phone, she was last at Thunder Valley casino on November

25, 2021.  Geolocation information also showed that Tang travelled to Folsom Street in San Francisco on November 17, 2021.  Myra Minks lives on Folsom Street in San Francisco.

**Tang's consulting business appears to be a front to conceal drug proceeds.**

22. I reviewed bank records for a Bank of America business account belonging to Tang, DBA Jessica Tang Consulting, which listed her occupation as Real Estate Services.  I noted approximately $267,940 in cash deposits between July 2020 and December 2020.  The locations of those deposits included Texas, New York, California, and Oklahoma.  Bank of America records showed withdrawals from Tang's account to Minks, Williams, and Hodge.  I reviewed JPMorgan Chase bank records for Jessica Tang Consulting.  From approximately June 2020, to May 2021 I observed approximately $963,245 in cash deposits and $780,582 in cash withdrawals from the account.

    c. According to EDD records, Tang's employment is listed as in-home support services (IHSS), not real estate or consulting.  Bank records corroborate this and show that Tang receives payments every two weeks, consistent with a paycheck, of between $729 and $978.

    d. I reviewed Tang's LinkedIn profile and it did not mention anything related to real estate, real estate services, or consulting services.

23. In my training and experience, real estate transactions are not typically conducted using cash transactions but rather using checks, wire transfers or other financial instruments.  On the other hand, illegal transactions involving the purchase and sale of drugs, to include marijuana, frequently are conducted using cash transactions.

## REQUEST TO SEAL

24. This Affidavit and its attachments contain information regarding an ongoing criminal investigation, which if unsealed may jeopardize the very information sought to be gained by this search warrant. In light of the on-going nature of the investigation, the prior examples of false impersonation (*see* 2:21-SW-0524-CKD), and the likelihood that notice to Minks and Tang would likely cause them to flee from prosecution and destroy evidence of their criminal offenses, your Affiant requests that this Affidavit and the resulting Search Warrant be sealed on the Court's docketing system, with the exception of copies utilized by law enforcement

officers participating in the investigation and a copy of the Search Warrant and an inventory of any items seized that will be left at the location of the execution of the Search Warrant.

## **CONCLUSION**

25. Based on the foregoing facts, I hereby request that the search warrant be issued for the location identified in Attachment A for the items described in Attachment B.

I swear, under the penalty of perjury, that the foregoing information is true and correct to the best of my knowledge, information, and belief.

\_/s/John Ogden_____
JOHN OGDEN
FBI Special Agent

Sworn and Subscribed to me telephonically
on December 6, 2021,

Approved as to form:

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

_____
JUSTIN L. LEE
Assistant United States Attorney

# ATTACHMENT A-1

## *Location to be Searched*





2532 Ronald McNair Way, Sacramento, California 95834

# ATTACHMENT B

All evidence of violations of 21 U.S.C. § 846, conspiracy to distribute a controlled substance, and 18 U.S.C. § 1956(h), money laundering conspiracy, including:

1. Cellular telephones;

2. Controlled substances;

3. Records and information relating to the distribution of controlled substances, including the proceeds of the sale of controlled substances and records relating thereto;

4. Records, communications, and information reflecting the purchase, sale, transportation, or transfer of controlled substances, to include pay-owe sheets, inventory lists, shipping records, customer lists, and any accounts to which proceeds were transferred;

5. Records and information relating to the location of Jessica Tang;

6. Indicia of occupancy, including any correspondence, utility statements, telephone bills, lease agreements, and any other documents that would establish the name(s) of person(s) working, owning, controlling, or residing in the location being searched;

7. Records of income or employment to include pay stubs and tax documents;

8. Gambling records, including any information related to trips to casinos and tax documents;

9. Banking and financial records, including bank records, statements, investment account statements, records of deposits, and record related to the transfer of money;

10. Computers or other digital storage devices;

11. Records related to the ownership or leasing of property; including title records, deeds, insurance documents, mortgage information, and sale/purchase agreements;

12. Any safes found on the premises where any of the items listed in this Attachment might be found as well as any safety deposit box keys, information regarding the location of safety deposit boxes, storage

        locker keys and information regarding the location of any storage lockers.

13.     Documents that indicate control and ownership of assets and/or businesses.

# UNITED STATES DISTRICT COURT

for the

Eastern District of California

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* ) Case No. 2:21-sw-00898-EFB
)
2532 Ronald McNair Way, )
Sacramento, California 95834 )
)

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the   EASTERN   District of   CALIFORNIA  
*(identify the person or describe the property to be searched and give its location)*:

SEE ATTACHMENT A-1.

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:

SEE ATTACHMENT B.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before   December 15, 2021  
*(not to exceed 14 days)*

☑ in the daytime 6:00 a.m. to 10 p.m.    ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge   any duty magistrate judge  .
*(name)*

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)* ☐ for      days *(not to exceed 30)*.
☐ until, the facts justifying, the later specific date of       .

Date and time issued: December 6, 2021 @ 8:55 a.m.

City and state: Sacramento, CA

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

| **Certification** |
|---|
| I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge. |

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

Subscribed, sworn to, and returned before me this date.  _____  _____
*Signature of Judge*                       *Date*